# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CHRISTIAN VIER PUSSILANO, )
)
          Plaintiff, )
)
v. )
)    Case No. 14-cv-00321
NORTHWESTERN UNIVERSITY, )
)
          Defendant. )    Judge Sharon Johnson Coleman
)

## MEMORANDUM OPINION AND ORDER

Plaintiff, Christian Pussilano, filed a complaint on January 16, 2014, alleging that Northwestern University discriminated against him in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* Defendant, Northwestern University moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Pussilano's claim is time-barred. For the reasons stated herein, the motion is granted.

When considering a motion to dismiss pursuant to Rule 12(b)(6) the Court accepts as true all well-pleaded allegations, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and draws all reasonable inferences in favor of the nonmoving party, *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Dismissal may be appropriate when the allegations in the complaint set forth the necessary elements to satisfy an affirmative defense, such as expiration of the statute of limitations. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Complaints filed by *pro se* plaintiffs are not held to the same standards expected of pleadings drafted by counsel. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, a *pro se* plaintiff may plead himself out of court by alleging facts that defeat the claim. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

Here, the Complaint alleges that Northwestern University discriminated against Pussilano by requiring him to take four courses instead of the usual three courses to maintain a full course load. Dkt. 9 at ¶ 13. The only date provided in the form complaint is October 27, 2011. In Illinois, federal

civil rights actions are governed by the two-year statute of limitations applicable in personal injury claims. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775, n. 2 (7th Cir. 1995); *see Soignier v. American Bd. of Plastic Surgery*, 92 F.3d 547, 550-51 (7th Cir. 1996); *see also Cheeney v. Highland Community College*, 15 F.3d 79, 81-82 (7th Cir. 1994). Based on the allegations in the complaint, Pussilano had until October 27, 2013, to file his complaint. Pussilano did not file the complaint until January 16, 2014, therefore the complaint is untimely.

Pussilano argues that October 27, 2011, was just the beginning date of the alleged discriminatory activity and that the final discriminatory act did not occur until January 19, 2012, and therefore his complaint is timely. However, a plaintiff may not amend his complaint through arguments made in a brief. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.,* 631 F.3d 436, 448 (7th Cir. 2011). Northwestern asserts that amendment of the complaint is futile because Pussilano was aware as early as December 20, 2011, that Northwestern was dismissing him from enrollment.

Based on the foregoing, the Court grants Northwestern University's Motion to Dismiss [13]. The Court will consider a motion for leave to file an amended complaint, if such a motion and proposed amendment adequately addresses the defects asserted by Northwestern University. Plaintiff has 21 days from entry of this Order to file a motion for leave to amend. Status hearing set for 6/6/2014 at 9:00 a.m. is reset to 6/23/2014 at 9:00 a.m.

IT IS SO ORDERED.

Date: May 30, 2014

Entered: _____

United States District Judge